IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM THOMAS SMITH, JR.,       )
                                 )
            Petitioner,          )
                                 )
      v.                         )     1:09CV61
                                 )
DARLENE WHITE,                   )
                                 )
            Respondent.          )

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 30, 1997, in the Superior Court of Forsyth County, Petitioner was convicted at trial of felonious larceny and resisting a public officer in case 06CRS55818. He then pled guilty to having the status of a habitual felon in case 06CRS14840. Petitioner was sentenced to a single consolidated term of 108 to 139 months of imprisonment. Petitioner did pursue a direct appeal to the North Carolina Court of Appeals and North Carolina Supreme Court. However, his conviction and sentence were upheld. Petitioner also filed a motion for appropriate relief in Forsyth County on July 16, 2008. When this was denied, he unsuccessfully sought a writ of certiorari from the North Carolina Court of Appeals. His request for a writ was denied on December 1, 2008. Petitioner then submitted the current habeas petition to this Court. Respondent has filed a motion seeking summary judgment in this matter.

### Petitioner's Claims

Petitioner raises only a single claim for relief in his petition. However, that claim has multiple subclaims. Petitioner first contends that the trial court abused its discretion in finding him guilty of being a habitual felon, rather than sending the matter to a jury. He also argues ineffective assistance of trial counsel for failing to object contemporaneously and ineffective assistance of appellate counsel for failing to raise the issue on appeal. Petitioner refers to the motion for appropriate relief filed in state court as support for these claims. Although that document arguably deals partially with other matters or claims, the federal habeas petition raises only the claims just set out. Petitioner does raise one further claim in his brief in response to Respondent's summary judgment motion. There, he contends that his criminal history level was improperly calculated because convictions that were used as predicate offenses for his habitual felon indictment were also counted for points in his criminal history score. As with the claim in the petition, Petitioner also states that he is raising the claim in the reply brief as an ineffective assistance of counsel claim.

### Standard of Review

If the Court finds that Petitioner's claims were adjudicated by the state courts on their merits, it must then apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to petitioner's claims. That statute states that habeas relief cannot be granted in cases where a state court has considered a claim on its merits

-2-

unless the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts.  A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000).  A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407.  "Unreasonable" is not the same as "incorrect" or "erroneous" and the reasonableness of the state court's decision must be judged from an objective, rather than subjective, standpoint. Id. at 409-411.  As for questions of fact, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Here, the claims raised in the petition were raised in Petitioner's motion for appropriate relief and decided against him, at least alternatively, on the merits.  The claim raised in the response does not appear to have been raised at all in the state courts.  Therefore, the standards just set out will be applied only to the claims in the petition.

## Discussion

Petitioner's first claim asserts that the trial judge erred in accepting his guilty plea to the habitual felon charge, rather than sending the matter to the jury. He bases this claim on N.C. Gen. Stat. § 14-7.6. However, nothing in that statute either requires the matter to be heard by a jury or prevents a defendant from pleading guilty to being a habitual felon. In fact, it makes specific mention of sentencing following guilty pleas. Petitioner's claim is frivolous and is a matter of interpretation of state law. The state court obviously interpreted its law against Petitioner in denying his motion for appropriate relief. Interpretations of state law by a state court do not ordinarily provide grounds for federal habeas claims. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). In any event, the state court's interpretation of state law was certainly not contrary to, nor did it involve an unreasonable interpretation of, established Supreme Court precedent. This claim should be denied.

The other two claims in the petition are ineffective assistance of counsel claims based on the contention that the habitual felon determination was required to go to a jury. Petitioner faults both trial and appellate counsel for not having raised this point. Of course, in order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). A petitioner

-4-

bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

Given the fact that Petitioner has absolutely no basis in law for his argument, he can meet neither prong of Strickland. His attorneys had no reason to raise the argument and did not prejudice him by failing to do so. Again, the state court's denial of Petitioner's ineffective assistance of counsel claims did not run afoul of established Supreme Court precedent. The claims raised in the petition should be denied in their entirety.

As noted previously, Petitioner also raises an entirely new claim in his response brief. He contends that his criminal history score was calculated improperly because the felonies supporting his habitual felon conviction were counted as part of his criminal history score at sentencing. The predicate offenses supporting a habitual felon charge cannot be used in calculating a criminal history score at sentencing. N.C. Gen. Stat. § 14-7.6.

Petitioner's added claim fails for multiple reasons. First, the claim was initially raised in this Court in Petitioner's response brief. This is not proper. Second, it is again a state law claim, which cannot ordinarily be a basis for a federal habeas claim. Third, it does not appear that Petitioner ever raised the claim in state court. This leaves the claim unexhausted and

-5-

Case 1:09-cv-00061-JAB-DPD   Document 9   Filed 05/13/09   Page 5 of 6

procedurally barred.  Finally, even if considered on its merits, the claim fails.  The worksheet listing Petitioner's prior convictions plainly reveals that none of the habitual felon predicates were used to calculate his criminal history score.  (Docket No. 5, Ex. 3.)  It is true that other felony offenses that had been consolidated with the predicate offenses for judgment were used.  However, this is permitted by North Carolina law.  <u>See</u> <u>State v. Truesdale</u>, 123 N.C. App. 639, 642, 473 S.E.2d 670, 671 (1996)(no error where two convictions were consolidated for judgment and one was used as habitual felon predicate, while other was counted in calculating criminal history score).  For all of these reasons, the claims for relief which are raised in Petitioner's response brief should also be denied.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion for summary judgment (docket no. 4) be granted, that the petition (docket no. 1) be denied, and that Judgment be entered dismissing this action.

    /s/ Donald P. Dietrich
**Donald P. Dietrich**
**United States Magistrate Judge**

May 13, 2009